## STEPHEN RICHARDSON *v.* ALVAH HUNT.

At common law, during the term, which was before the roll or record for the term was made up, any defect of form or substance in a judgment, caused by accident or mistake, might be amended; but after the term, the Judges could not erase or alter the roll or record.

It is by virtue of statutes of amendments that judgments are amended after the term at which they have been rendered; and the statute of Rhode Island (Rev. Stats Ch. 184, §§ 4 and 5) permits the courts to amend a judgment only in " imperfections, defects and want of form," though *process and pleadings* are amendable in matter of substance also; hence after the term at which it is rendered, a judgment is not amendable by increasing the amount of it, though rendered for a smaller sum than it should have been, through accident or mistake.

*Trott* v. *Wheaton,* 5 R. I. Rep. 353, explained.

PETITION of a plaintiff in a defaulted action of assumpsit, setting forth, that at the March term of this court, 1861, he recovered judgment against the defendant for the sum of one hundred and ninety-five dollars and sixty cents, for which sum by some oversight or mistake, the judgment was entered, when it should have been rendered for the sum of two hundred and eighty dollars and twenty-five cents, with interest and costs, and praying that said judgment might be amended to conform to the latter sum. No notice of the petition had been served on the defendant.

*C. A. Updike, for the petitioner.*

AMES, C. J.  At common law, during the term, which was before the roll or record for the term was made up, any defect of form or substance in a judgment, caused by accident or mistake, might be amended; but after the term, the Judges could not erase or alter the roll or record.  The reason given by Lord Coke is, that "during the terme wherein any judicial act is done, the record remaineth in the brest of the Judges of the court, and in their remembrance, and therefore the roll is alterable during that terme as the Judges shall direct; but when the terme is past, then the record is in the roll, and admitteth no alteration, averment, or proofe to the contrairie." Co. Lit. 206, a; 1 Com. Dig. Amendment R; 2 Sellon's Pract. 453–456; *Albers and others* v. *Whitney and others*, 1 Story's Rep. 310.

It is by virtue of statutes of amendments, that judgments are amended after the term at which they have been rendered; and our statute permits us to amend only their "imperfections, defects and want of form," though it enables us to amend *process* and *pleadings* when defective in matter of substance.  Rev. Stats. Ch. 184, §§ 4 and 5; *Albers and others* v. *Whitney and others*, 1 Story's Rep. 311, 312.

By the petition before us, we are asked to amend the record of a judgment by default, of a former term, by increasing the amount for which the judgment was rendered, on the ground, that it was rendered for the lesser amount by accident or mistake of the plaintiff's attorney; and this, too, without notice to the defendant.  We neither have, or ought to have, the power to do this. It would be to render a new and more onerous judgment, without notice to the party against whom we render it.  This is not the way to correct an erroneous judgment.

In *Trott* v. *Wheaton*, 5 R. I. Rep. 353, 356; after argument, the case was continued *nisi*, with power reserved to the Judges, by agreement, to enter up judgment in vacation, as of the last term.  The judgment having been entered up, in vacation, through an error in calculation, for a less sum than we had decided that it should be; upon motion and after due notice, we amended the judgment in vacation, so as to make it conform to our decision.  We did this, however, solely under the power reserved to us by agreement; holding, that the power to amend

our judgment, in vacation, for the purpose of making it correct, was incident to the power to render it, in vacation, reserved to us by agreement.

The petition must be dismissed.